**Mary Jane GILES, Respondent,**

**v.**

**Kevin GILES, Sr., Appellant.**

**No. ED 96819.**

Missouri Court of Appeals, Eastern District, Division Two.

May 15, 2012.

---

3. This Court makes no opinion as to Petitioner's equitable parentage arguments.

Theodore S. Schechter, Kristen J. Dunnett, Clayton, MO, for appellant.

Catherine R. Grantham, St. Louis, MO, for respondent.

LAWRENCE E. MOONEY, Judge.

Father, Kevin Giles, Sr., appeals from the motion court's denial of his motion to quash an income-withholding order. The order directed father's employer to withhold a total of $6,682.59 per month from father's earnings to pay for current and past-due child and spousal support. Father advances a multiplicity of arguments. However, he failed to properly preserve some of his challenges. As to his remaining complaints, father failed to demonstrate error. We therefore affirm.

### Factual & Procedural Background

This case stems from Mary Jane Giles's attempt to collect child support and spousal support due and owing to her. Mother and father were married in July of 1991; they separated in January of 2000. Mother and father had three children who were all minors at the time of the motion court's judgment.

The St. Louis County Circuit Court granted mother a dissolution of marriage in August of 2001. Mother did not know father's whereabouts at the time. Thus, she served father by publication, and the court made no order of child support or maintenance. The court awarded mother sole legal custody of the children, and awarded father supervised visitation. In entering its dissolution decree, the court found that mother was a victim of domestic violence. The court also made note of father's abuse of the children. The parenting plan, incorporated into the court's judgment, stated in part that:

> Due to father's history of emotional, psychological and physical abuse of the children, any and all contact shall be supervised by St. Louis Co. Domestic Relations Services. Unsupervised contact with father would result in irrevocable emotional, psychological and physical harm to the children and is not in their best interest at this time.

Father moved to modify the dissolution decree nine months later. In part, father sought unsupervised visitation with the children. Mother filed a cross-motion to modify. Due to psychological evaluations of the parents and children, and various continuances, the court did not resolve these motions until March of 2005.

Meanwhile, father had filed his own action for dissolution of marriage in California. The California court granted the dissolution in June of 2002, and entered a judgment in favor of mother and against father for child support and maintenance. The court ordered father to pay $2,390.00 per month for child support and $1,124.00 per month in spousal support, all retroactive to August 27, 2001. The California judgment was registered in Missouri on

July 29, 2002, and consolidated into this case on August 26, 2002.

The Missouri Division of Child Support Enforcement entered an administrative order in November of 2002, requiring father to pay child support and maintenance in the amounts ordered by the California court. In this same order, the Division determined that as of October 30, 2002, father owed $35,850.00 for past-due child support and $16,860.00 for past-due spousal support, for a total of $52,710.00 in arrearages, exclusive of interest. An income-withholding order was filed on this same date. A month later, the court granted mother's motion for contempt, and ordered father to pay mother $54,825.02 in arrearages.

The St. Louis County Circuit Court issued its family court modification judgment on March 7, 2005, resolving the parties' motions to modify. The court awarded mother sole care, custody, and control of the three children. The court ordered father to participate in a 52–week batterer-intervention program. The court further ordered that father's contact with the children begin after twenty weeks of successful participation in the program, as documented by the program's staff and reported to Domestic Relations Services as well as the family therapist.[1]

Father and mother also stipulated to the determination of child support and maintenance arrearages. Pursuant to that stipulation, the court found that the amount of father's arrearages through January 31, 2005, was $80,960.92, including accrued interest.

Mother later engaged AmeriKids, Support Specialists, Inc., to assist her in the collection of child-support payments. Mother executed a limited power of attorney on April 18, 2006, designating the employees of AmeriKids as her attorney-in-fact, and authorizing that agency to pursue child-support payments on her behalf.[2]

An application and an income-withholding notice were filed with the St. Louis County Circuit Court on October 21, 2010. The court docket sheets show that an income-withholding notice was ordered on

1. Father and mother stipulated to, and the court ordered, a number of conditions for father's visitations. Father agreed that that he would have no unsupervised contact with the children, and that any visitation with the children would be supervised by a supervisor or a therapist. He agreed that he would not attend social gatherings, school functions, extracurricular activities, or other events where the children would be present, and that he could not be within four hundred yards of the children without specific permission of mother and the children's therapist. Father additionally agreed to the numerous requirements regarding the time, place, and scope of his supervised visitations. He also agreed to immediately participate in therapy with a psychologist or counselor skilled in working with personality-disordered males. This therapy was in addition to his participation in the batterers' program.

2. In pertinent part, the power of attorney reads as follows:

[Mary J. Giles, of St. Louis] ... hereby designates employees of AmeriKids, Child Support Specialists, Inc., [of Sioux Falls, South Dakota] ("Agent") as my true and lawful attorney-in-fact for me to act in my name, place, and stead in any way which I myself could do, if I were personally present, with respect to pledging, negotiating, obtaining legal counsel, appearing in court, and any other action deemed necessary by Agent in its discretion in the pursuit of child support payments due me, including the right to demand, sue for, recover, collect, receive, endorse, and hold and possess all sums of money, liquidated or unliquidated, as are now or shall hereafter become due, owing, payable, owned or belonging to me or in which I have an interest and to make, execute and deliver for me and in my name all endorsements acquittances, releases, receipts, or other sufficient discharges for the same.

that same date, and that certified copies were sent to father and his employer. The box next to "court" is checked at the top of the income-withholding notice, as the issuing authority. The notice indicates that father is in arrears greater than twelve weeks, and then directs father's employer to deduct the following amounts from father's earning until further notice:

$2,390.00 per month for current child support

$1,195.00 per month for past-due child support

$1,124.00 per month for current spousal support

$562.00 per month for past-due spousal support

$1,411.59 per month for other

In total, the notice directs father's employer to withhold a total of $6,682.59 per month from father's earnings. The notice further directs that all payments be made and sent to the Family Support Center in Jefferson City.

Father filed a motion to quash this income-withholding order, setting forth four grounds. He first insisted that the court should abate his child-support obligations, retroactive to March 7, 2005, because mother, without good cause, failed to provide visitation pursuant to the terms of the modification judgment. Secondly, he alleged AmeriKids could not collect child support because the power of attorney bestowed upon AmeriKids the power to negotiate child support due mother, contrary to Missouri law. Next, he contended AmeriKids could not collect spousal support because the power of attorney only authorized the collection of child support by AmeriKids, and not spousal support. Lastly, father claimed that the withholding designated as "other" was invalid because no explanation of that amount was provided, as required.

The motion court held a hearing on father's motion. Counsel for AmeriKids introduced two exhibits, which the court admitted into evidence. AmeriKids also attached those exhibits to its answer to father's motion. Exhibit 1, entitled "Payment Detailed History Report," is from the Circuit Court of St. Louis County, and details the history of father's payments, dating from August 2001 to the period ending January 3, 2011. The exhibit reflects total payments in the amount of $317,103.72. It also shows child-support arrears in the amount of $75,134.65 and spousal-support arrears in the amount of $22,231.21, for total arrears in the amount of $97,365.86. Exhibit 2, entitled "AmeriKids Payment Record," also details the history of father's payments, dating back to January of 2005, and lists a total owed of $214,383.69 as of January 2011, said amount reflecting accrued interest in addition to the principal amount owed.

Father testified. He also asked the court to take judicial notice of the court file. Importantly, the file contained the power of attorney, the modification judgment, and AmeriKids's answer to father's motion, with the two exhibits attached.

The motion court issued its judgment, granting father's motion in part and denying it in part. The court agreed with father that the withholding designated as "other" was not specified, as required. The court thus deducted that amount and recalculated the amount to be withheld from father's earnings per month as $5,271.00. The court denied the remainder of the motion.

### Discussion

 Father advances a multiplicity of arguments challenging the motion court's judgment. Many of those arguments are not preserved for our review. According-

ly, we deny those arguments.[3] We will only address the issues that are properly before us: (1) abatement of child-support payments; (2) authority to negotiate child support due mother; (3) withholding of spousal support; and (4) withholding of past-due child and spousal support.

### Abatement of Child–Support Obligations

■ Father alleges the motion court erred in denying both his request for abatement of his child-support obligations and his corresponding request for attorney's fees.[4] He contends no substantial evidence supports the court's findings that he had consistently avoided his responsibility to pay child support and that mother was justified in withholding visitation from him.

Father boldly asserts that he was awarded visitation in the 2005 modification judgment and that mother failed to deliver the children to him for his visitation.

He argues that "no evidence was offered that [mother's] actions in concealing the children in order to thwart visitation are anything but contemptuous of the court's order, let alone 'justified.' " Continuing, father contends that mother offered no evidence, and the court made no findings, as to any of his actions which would "in any way" justify withholding his rights of visitation. He contends the motion court has "ignored" his custody rights by finding that mother was justified in withholding visitation. In sum, father argues that he has visitation rights and because there was nothing to show that mother was justified in failing to deliver the children to him for visitation, the court should have abated his child-support obligations and should have awarded him attorneys' fees.

Father fails to mention that his visitation rights were entirely conditional. Critically, the modification court ordered father to participate in a batterer-intervention program, and ordered father to

3. Father could have, but failed to raise these issues in the motion court, rendering them unpreserved: (1) his contention that the income-withholding notice is inadequately completed; (2) his contention that AmeriKids is not the "legal representative" of mother; and (3) his complaint that the October 2010 income-withholding order was not initiated at the time the order for support was entered, but rather was issued some eight years after the administrative order was entered, contrary to the requirements of Section 452.350.

Father failed to preserve his due-process argument because he failed to raise the argument below, and because he raised the issue for the first time in the argument section of his brief. Father failed to preserve his contention that the motion court erroneously admitted mother's two exhibits, for a number of reasons. To begin, his contention is not encompassed by any of his points relied on, but appears solely in the argument section of his brief. Additionally, he does not explain why Exhibit 1 was erroneously admitted; he simply concludes that it was. Because father has advanced no argument in support of his contention, he has abandoned the issue. As to

Exhibit 2, it is questionable whether father presented the objections raised on appeal to the motion court, such that they are preserved for our review. Moreover, the exhibits were part of the court's file, which the father asked the court to take judicial notice of. Further, the exhibit is not necessary for the resolution of the matter; essentially, it duplicates Exhibit 1. Lastly, father raises numerous complaints about the power of attorney, including whether mother actually executed that document. Father could have, but did not raise his arguments below. Furthermore, he asked the court to take judicial notice of the document of which he now complains.

4. Section 452.340.7 provides in part that:

A court with jurisdiction may abate, in whole or in part, any past or future obligation of support . . . if it finds that a parent has, without good cause, failed to provide visitation . . . pursuant to the terms of a judgment of dissolution . . . or modifications thereof. The court shall also award, if requested and for good cause shown, reasonable expenses, attorney's fees and court costs incurred by the prevailing party.

have no contact with the children unless and until he had successfully completed twenty weeks in that program, as documented by the program staff and reported to domestic relations services and the family therapist. Father does not claim he fulfilled these conditions, such that he would be entitled to any visitation.

The evidence admitted at the hearing—specifically the two exhibits—support the court's finding that father has consistently avoided his responsibility to pay child support. Father, by stipulating to the modification court's determination of arrearages, acknowledged that he was in arrears on his child-support and maintenance obligations. The court's file—of which the father asked the court to take judicial notice—contains the modification judgment, which provides ample support for the court's finding that mother was justified in withholding visitation. We hold the motion court was justified in denying father's request for abatement of his child-support obligations. Further, as father did not prevail in his request for abatement, he was not entitled to attorney's fees under Section 452.340. The motion court therefore did not err in denying those fees. We deny this argument.

### Power of Attorney & Authority to Negotiate Child Support

■ Next, father alleges the motion court erred in finding that the income withholding was not an attempt to settle or compromise future payments. He maintains that the power of attorney authorizes AmeriKids to negotiate child support due mother. Father argues this is impermissible because the dissolution decree has not been modified, as required by Missouri law, to allow any party, much less a third-party like AmeriKids, to settle or compro-

mise the child-support payments. He further argues that if AmeriKids is collecting a fee for its collection of child-support payments, it is necessarily compromising future payments.

Father's argument is based upon his selective reading of the power of attorney, and beyond that is nothing more than mere speculation and conjecture. The power of attorney does not authorize AmeriKids to negotiate child-support payments due mother; it only authorizes AmeriKids to do that which mother herself could do if she was personally present. We deny this argument.

### Withholding of Spousal Support

■ Father next alleges the motion court erred in finding that spousal support could be withheld. In his motion to quash, father asserted that AmeriKids could not collect spousal support because the power of attorney authorized only the collection of child-support payments by AmeriKids, and not spousal-support payments. The motion court agreed that AmeriKids was not authorized to collect spousal support under the power of attorney, but noted that the income withholding was not "issued" by AmeriKids, but rather was issued by the State through the Division of Child Support Enforcement. The court further noted that payments were sent to the family support payment center, not Ameri-Kids.

Father claims the motion court erred in its findings. He contends no evidence was offered showing that the Division issued the income-withholding order, and that even if it did, the Division cannot collect spousal support because it is not authorized to do so under Section 454.400.[5]

---

**5.** Section 454.400 establishes, and sets out the powers of the Division of Child Support En- forcement.

We find that the court itself issued the income-withholding order. That the motion court found otherwise does not afford father any relief. The files of this case contain the prior judgment ordering father to pay spousal support. The court can clearly order income withholding for both current and past-due child and spousal support. The income-withholding order directed the employer to forward payments to the payment center, which is authorized to receive and disburse payments such as the child-support and spousal-support payments in this case. Section 454.530. Nothing in the record supports father's contention that AmeriKids is collecting spousal support. We deny this argument.

### *Withholding of Past-due Child and Spousal Support*

Lastly, father argues that mother failed to prove the amount of arrearages due, and therefore the court's finding of $5,271.00 as the amount to be withheld from his earnings is not supported by the evidence and must be reversed. Because the exhibits, in particular Exhibit 1, clearly show past-due child support in the amount of $75,134.65 and past-due spousal support in the amount of $22,231.21, we deny this argument.

We affirm.

KATHIANNE KNAUP CRANE, P.J., and KENNETH M. ROMINES, J., concur.