Charles S. COVERT, Jr., Appellant,

v.

**MISSOURI DEPARTMENT OF SOCIAL SERVICES, FAMILY SUPPORT DIVISION,**

and

Debra I. Covert, Respondents.

**ED 104205**

Missouri Court of Appeals,
Eastern District,
<u>DIVISION ONE.</u>

Filed: February 28, 2017

Lee R. Elliott, Troy, MO, for appellant.

Deborah J. Weider–Hatfield, Assistant Attorney General, St. Louis, MO, for respondent Missouri Family Support Division.

Adam McCaffry Burkemper, Troy, MO, for respondent Debra I. Covert.

Lisa P. Page, Judge

Charles S. Covert, Jr. ("Father") appeals from a grant of summary judgment in favor of Defendant Missouri Department of Social Services, Family Support Division ("FSD"), and a grant of dismissal in favor of Defendant Debra I. Covert (n.k.a. Farmanian) ("Mother"). We affirm.

## BACKGROUND

Mother and Father were married in California and had one child, C.S.C. They divorced in 1989 and a California court entered a dissolution judgment (the "1989 California Judgment") ordering, *inter alia*, Father pay $449 for spousal support and $318 in child support for C.S.C, then 1 year of age. Subsequently, Father moved to Missouri and Mother remained in California with C.S.C.

Thereafter, the State of California requested the State of Missouri enforce and collect on Father's financial obligations to Mother, and Missouri accordingly commenced administrative proceedings. In May 2002, with proper notice to Father, FSD entered an Administrative Order on Existing Order ("2002 Administrative Order"), which reads in pertinent part:

### Findings of Fact

Based on the records of [FSD], the [FSD] Director finds that:

1. The SUPERIOR Court of RIVERSIDE, state of CALIFORNIA, entered a support order under the number D79897 on 06–22–1989, under which [Father] is required to provide support for his/her spouse and former spouse and/or child(ren). The child(ren)'s names and dates of birth are:

| Name | Date of Birth |
| --- | --- |
| [C.S.C.] | 04/20/88 |

2. According to the above-referenced support order, [Father] is required to pay:

$318.00 MONTHLY for child support PER CHILD;

$449.00 MONTHLY for spousal support (maintenance);

\*\*\*

3. As of 01–23–2002, [Father] owes the following balances under the order, not including interest:

$3,426.81 for past-due child support;

$8,930.00 for past-due spousal support;

$12,356.81 total arrearage balance.

***

5. Since the above-mentioned support order was entered:

THIS IS AN ARREARS ONLY CASE.

Pursuant to Section 454.476, RSMo., the [FSD] Director may enter this administrative order in accordance with the above-mentioned support order, and **it is therefore ordered that:**

[Father] must pay to [FSD] the payment listed below:

$0.00 for current child support;

$0.00 for current spousal support;

$0.00 for periodic medical support; and/or

$12,356.81 for the balance of the ... arrearage judgment, interest debt (if included in paragraph 3) or past-due support, for a

$12.356.81 Total Arrearage

Current child support payments are due until further order of the court or until the child(ren)'s right to support ends, by operation of Missouri law or the law in the state where the original order was entered.

***

**PLEASE NOTE:** ... Failure to make one or more timely payments ... will result in other enforcement action to collect the entire amount of past-due balances. Interest may accrue on past-due payments according to the appropriate state's law.

(Emphasis in original).

While this order did not require Father to make his current payments to FSD, it was very clear that he still owed his current California obligations and warned him "[f]ailure to make timely payments will result in other enforcement action." There-

after, FSD docketed the 2002 Administrative Order with the circuit court of Lincoln County.

FSD entered three separate income withholding orders ("IWO") between May 2002 and October 2004 with Father's employers to collect upon the 1989 California Judgment. Father paid approximately $16,000 to FSD, which FSD forwarded to California. Father made only two additional payments on his obligations between November 2004 and June 2009.

In June, 2009, FSD sent an income withholding order to Father's employer ("2009 IWO"). The 2009 IWO stated, *inter alia,* Father owed $918.64 in past-due child support, $449 in current spousal support, and $224.50 in past-due spousal support per month. FSD concurrently sent Father a Notice of Administrative Withholding Order ("2009 Notice"), stating he owed "a total past-due and/or judgment amount of $150,828.49." The 2009 Notice described Father's right to contest "on the grounds that such withholding or the amount withheld is improper due to a mistake of fact," and informed Father that to contest, he "must submit a written request for a hearing within **30 calendar days of the mailing date** ..." (emphasis in original). The 2009 Notice stated in all caps: "IF YOU HAVE ANY QUESTIONS OR DO NOT UNDERSTAND THIS NOTICE, YOU MAY WISH TO CONTACT AN ATTORNEY IMMEDIATELY." Father did not pursue said administrative remedies and paid approximately $86,000 in child and spousal support to Mother, pursuant to the 2009 IWO from June 2009 to April 2014.

In October 2013, Father filed a one-count petition in Missouri against FSD, requesting a declaratory judgment, termination of withholding order and repayment of overpayment. Father alleged he had satisfied his support obligations because the 2002 Administrative Order was for

$12,356.81 in support arrearages only, and that he was entitled to a refund of approximately $75,000 in "overpayment." Later, Father amended his petition, adding Mother as a necessary party and prayed for a repayment of overpayments from her.

In 2014, during the course of the underlying proceeding, California reviewed Father's support payments pursuant to the 1989 California Judgment. California subsequently issued a modified judgment (the "2015 California Judgment") which stated Father owed $39,966.20 in child support arrears and $250,888.34 in spousal support arrears, including over $150,000 in interest as allowed under California law. FSD presented the 2015 California Judgment in its motion for summary judgment. Therein, FSD argued that Father's suit for declaratory judgment failed for three alternative reasons: (1) no justiciable controversy exists between Father and FSD because Missouri lacks authority under the Uniform Interstate Family Support Act to determine the substance of Father's obligations, (2) no justiciable controversy exists because Father and FSD are not genuinely adverse, and (3) Father has an adequate remedy under California law.

The trial court dismissed Mother from the suit for lack of personal jurisdiction, and granted summary judgment in favor of FSD on Father's remaining claim. This appeal follows.

## DISCUSSION

Father offers two points on appeal. Father contends the trial court: (I) erred in granting summary judgment to FSD, and (II) erred in dismissing Mother for lack of personal jurisdiction.

### I. Summary Judgment Was Not In Error

In his first point on appeal, Father asserts that the trial court erred in sustaining FSD's motion for summary judgment because Father "has established his declaratory judgment action as a matter of law, in that the 2002 Administrative Order was for arrears only, and FSD admitted Father paid more than the amount of the Order." In essence, Father seeks a judicial statement that FSD was only authorized to collect $12,356.81 in arrears, and that he should be repaid all sums over that amount. We disagree.

### Standard of Review

Upon appeal from a trial court's grant of summary judgment, the standard of review by an appellate court is *de novo*. ITT Com. Fin. Corp. v. Mid–Am. Marine Supply Corp., 854 S.W.2d 371, 376 (Mo. banc 1993). This court not does defer to the trial court's grant of summary judgment, but, rather, "we use the same criteria the trial court should have employed in initially deciding whether to grant summary judgment." Hearod v. Baggs, 169 S.W.3d 198, 202 (Mo. App. S.D. 2005); see also Rule 74.04. We review the facts "in the light most favorable to the party against whom judgment was entered" and "accord the non-movant the benefit of all reasonable inferences from the record." ITT, 854 S.W.2d at 376.

Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. See Rule 74.04(c). "[A] defending party may establish a right to judgment by showing (1) facts that negate any one of the claimant's elements facts, (2) that the non-movant, after an adequate period of discovery, has not been able to produce, and will not be able to produce, evidence sufficient to allow the trier of fact to find the existence of any one of the claimant's elements, or (3) that there is no genuine dispute as to the existence of each of the facts necessary

to support the movant's properly-pleaded affirmative defense." ITT, 854 S.W.2d at 376. Facts set forth by affidavit or otherwise in support of a party's motion are taken as true unless contradicted by the non-moving party's response to the summary judgment motion. Id.

## Analysis

■ Under UIFSA, "child support is subject to a one-order system, whereby only one state's child support order governs at any given time." Lunceford v. Lunceford, 204 S.W.3d 699, 702 (Mo. App. W.D. 2006). The state issuing the child support order retains continuing, exclusive jurisdiction to modify the order (1) so long as the obligor, obligee or child still resides in the issuing state, or (2) until the parties agree—by written consent, filed with the issuing state—that another state may exercise jurisdiction. Id. see also Section 454.867(a);[1] Cal. Fam. Code §§ 4909(a) (West 2007), 5700.205(a) (West 2016). Missouri tribunals "shall recognize the continuing, exclusive jurisdiction of a tribunal of another state which has issued a child support order pursuant to [UIFSA]." Section 454.867(d). So long as the issuing state retains continuing, exclusive jurisdiction over the child support order, a non-issuing state must recognize the controlling nature of the issuing state's order, especially when the child's home state is the issuing state. Section 454.871.

■ Similarly, for spousal support, UIFSA mandates that the issuing state retain jurisdiction over the support order "throughout the existence of the support obligation." Section 454.867(f); see also Cal. Fam. Code § 5700.211(a) (West 2016). By providing a single tribunal with continuing, exclusive jurisdiction to establish or modify child and spousal support orders, UIFSA seeks to avoid problems that arise from multiple orders in multiple states. Lunceford, 204 S.W.3d at 702.

California has retained continuing, exclusive jurisdiction over both the child and the spousal support obligations since the original 1989 dissolution judgment. Mother and C.S.C. remained in California through his emancipation, and nothing in the record indicates that all the parties consented in writing to Missouri's jurisdiction. Similarly, California maintained exclusive jurisdiction over the spousal support simply because it entered the original order. Missouri therefore has never had any ability to modify, alter, or change the substance of the amounts owing under the 1989 California Judgment, and merely performs enforcement for California, as it must, under UIFSA. See Section 454.871;[2] see also Vaile v. Porsboll, 268 P.3d 1272, 1276 (Nev. 2012) (Nevada trial court that changed

1. References to Missouri's UIFSA statute, Sections 454.850 to 454.999, are to RSMo 1997. While these statutes have been recently repealed and replaced by Sections 454.1500 to 454.1730 (UIFSA 2008), the provisions of the 1997 act were in effect during all relevant times. See Section 454.849 ("The repeal of sections 454.850 to 454.999 shall become effective June 15, 2016"). See, e.g., Dandurand v. Underwood, 332 S.W.3d 907, 911 (Mo. App. W.D. 2011) ("All cases filed or received in Missouri after January 1, 1997 will be governed by the provisions of UIFSA, [not URESA—the prior interstate support law,]

and sections 454.850 to 454.980 shall apply.").

2. (a) If ... only one tribunal has issued a child support order, the order of that tribunal is controlling and must be recognized.

(b) If ... two or more child support orders have been issued by tribunals of this state or another state with regard to the same obligor and child, [but] only one of the tribunals would have continuing, exclusive jurisdiction under sections 454.850 to 454.997, the order of that tribunal is controlling and must be recognized.

amounts owed under the original judgment did not have subject matter jurisdiction over support order, and therefore was barred from altering substantive terms of original judgment; change deemed an impermissible "modification" rather than a mere "clarification"); Summitt v. Summitt, 31 Kan.App.2d 812, 74 P.3d 584 (2003) (Under UIFSA, North Carolina, as the non-issuing state, had no jurisdiction to nullify or vacate [the issuing-state] Kansas' support order; Kansas maintained continuing, exclusive jurisdiction over order because mother lived in Kansas at the time the modification was requested, and the parties did not request in writing that Kansas relieve itself of jurisdiction).

Father relies heavily upon State ex. rel. Ryan v. Ryan, 124 S.W.3d 512 (Mo. App. S.D. 2004), to support his contention that he is owed a refund of "overpayments." Father contends the 2002 Administrative Order stated he *only* owed $12,356.81 in arrears and not current child or spousal support. However, Ryan does not support Father's assertions.

In Ryan, mother and father were divorced in Utah, and the Utah court ordered father to pay mother child support for their three children. Id. at 513. Mother, father and the children subsequently moved to Missouri. Id. Thereafter, in 1994, FSD entered an administrative order pursuant to the Utah judgment, stating that father owed approximately $4,000 in arrears only. Id. at 513–514. The FSD administrative order specifically found the children were emancipated, and no current child support was due. Id. at 514. Later, FSD amended its administrative order, contending that it had miscalculated the arrearages, stating that *in 1994*, father actually owed approximately $23,000 in arrears. Id.

The Missouri Court of Appeals, Southern District, ultimately rejected FSD's at-tempt to recalculate arrearages, deeming it a nullity, void *ab initio*, as an act beyond FSD's statutory powers. Id. at 516. The Southern District took notice of Section 454.500, which states that no administrative support order "shall be modifiable [except] to conform with any modification made by the court that entered the court order upon which the director based his or her order." Id. Since no court had modified the original Utah judgment, FSD could not correct its mistake merely by amending its administrative order. Id.

Ryan is distinguishable from this case. Most prominently, the 2002 Administrative Order did not specifically assert Father owed no further obligations to C.S.C. as did the Ryan order; it merely stated he did not have to pay to FSD. Father was clearly on notice that these obligations continued to accrue unless modified in California. Father was also on notice, in no uncertain terms, of the consequences should he fail to meet his obligations. FSD has never attempted to amend its 2002 Administrative Order to correct any errors that Father owed an amount different from $12,356.81 *in 2002*. Instead, the record clearly shows Father has never been current on his support obligations since the inception of the Missouri proceedings, and arrearages have continued to accrue under the 1989 California Judgment to include interest, which was also explicitly set forth in the 2002 Administrative Order.

Additionally, nothing in the plain language of the 2002 Administrative Order prohibited FSD from collecting arrearages that have accumulated due to Father's refusal to satisfy his financial obligations pursuant to the 1989 California Judgment. See, e.g., Giles v. Giles, 386 S.W.3d 140, 147 (Mo. App. E.D. 2012) (Court could rely on exhibit detailing father's monthly payments—clearly showing father owed past-due child and spousal support arrears—to

assess amounts owed). In fact, Missouri is <u>bound</u> by UIFSA, Section 454.476(d), to continue to collect under the 1989 California Judgment: "[a] tribunal of this state *shall* recognize the continuing, exclusive jurisdiction of a tribunal of another state which has issued a child support order pursuant to [UIFSA]." (emphasis added).[3]

A party seeking to challenge an administrative order or income withholding order may request a hearing with FSD, within a limited timeframe, to dispute any mistake of fact contained in the order. "Mistake of fact shall mean an error in the amount of arrearages . . . ." Section 454.476.4. Father was provided with the appropriate notices, and nothing in the record indicates that Father disputed any of FSD's orders within the timeframe required by statute. If Father believed the amounts listed on the 2002 Administrative Order, the 2009 IWO, or any other orders entered by FSD were mistaken, he had an opportunity to challenge them. Father may not use the auspices of the declaratory judgment act to attack an otherwise valid administrative procedure. <u>See</u>, <u>e.g.</u>, <u>Farm Bureau Town and Country Ins. Co. of Missouri v. Angoff</u>, 909 S.W.2d 348, 353 (Mo. banc 1995) ("If administrative remedies are adequate, they must be exhausted before declaratory relief may be granted."); <u>Britz v. Reynolds</u>, 895 S.W.2d 645, 648 (Mo. App. W.D. 1995) ("[W]here the statute provides the remedy and the procedure to be followed, such procedure must be complied with; [and] that a failure to comply with the statute is jurisdictional.").

Finally, Father asserted at oral argument that California set a modification hearing during the pendency of this case, then told him the hearing was cancelled, then held the hearing anyway and entered a default judgment against him for approximately $290,000 in arrears. However, if Father has concerns about how California FSD conducts its administrative hearings, his remedy for this alleged wrong is in a California court. Missouri's Declaratory Judgment Act will not lie if a plaintiff has another remedy at law. See, e.g., <u>Shelton v. Shelton</u>, 201 S.W.3d 576, 581 (Mo. App. W. Dist. 2006) (Plaintiff bringing a declaratory judgment action had an adequate remedy at law in another judicial forum, and "[w]here the petition for a declaratory judgment fails to state a claim upon which relief can be granted, the trial court lacks jurisdiction to enter judgment thereon."). Simply, if Father believes that he has always owed only $12,356.81 in arrears, Missouri courts are not the forum in which to bring this claim: he has an adequate remedy at law elsewhere: in California.

Furthermore, Father asserted that even if he were to receive relief in California, California would have no ability to order Missouri FSD to comply with its favorable award because California has no jurisdiction over Missouri. Again, Father is mistaken, as RSMo 454.500(6) clearly states that an administrative order based on another state's order "shall be amended by the director to conform with any modification made by the court that entered the court order . . .". Simply, if California were to deem Father's obligations satisfied, MO FSD would have no other choice but to amend the '02 Administrative Order to conform to California's determination.

Therefore, under the auspices of UIFSA, we are prohibited from narrowly interpreting the 2002 Administrative Order, as Father suggests, so as to preclude FSD from collecting under the *sole controlling*

3. <u>See</u> <u>Frye v. Levy</u>, 440 S.W.3d 405, 408 (Mo. 2014) ("'Shall' means 'shall.' It unambiguously indicates a command or mandate.").

order: the 1989 California Judgment. See, e.g., State ex rel. Pub. Water Supply Dist. No. 2 of Jackson Cnty. v. Burton, 379 S.W.2d 593, 598 (Mo. 1964) ("An order of an administrative agency must be construed in conformity with the authority under which it was issued."); see also Vaile, 268 P.3d at 1276, Summitt, 74 P.3d at 587. FSD has presented evidence from the California court demonstrating Father owes substantially more than $12,356.81 in arrears. Missouri has not collected anything that Father has not owed to Mother pursuant to the 1989 California judgment. Therefore, the trial court properly granted summary judgment in favor of FSD. ITT, 854 S.W.2d at 376.

Point I is denied.

## II. Father's Second Point on Appeal is Moot

 In his second point on appeal, Father asserts that the trial court erred in dismissing Mother for lack of personal jurisdiction after having found that she was a necessary party to Father's petition for declaratory judgment and for repayment of overpayments, as Mother admitted authorizing and initiating the procedure giving rise to the 2002 Administrative Order.

As described in Point I, supra, Father has no remedy under the declaratory judgment act against FSD. Accordingly, any such request for a declaration against Mother is now moot. See Bank of Wash. v. McAuliffe, 676 S.W.2d 483, 487 (Mo. banc 1984) ("A cause of action is moot when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, would not have any practical effect upon any then-existing controversy.").

Point II is denied.

## CONCLUSION

The judgment of the motion court is affirmed.

Robert M. Clayton III, P.J. and Mary K. Hoff, J., concur.