

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| CHARLES S. COVERT, | ) | No. ED109952 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | Lincoln County |
| vs. | ) | 21L6-CC00030 |
| | ) | |
| DIRECTOR, MISSOURI DEPARTMENT | ) | Honorable James D. Beck |
| OF SOCIAL SERVICES, FAMILY | ) | |
| SUPPORT DIVISION, | ) | |
| | ) | |
| Respondent. | ) | Filed: November 15, 2022 |

Kelly C. Broniec, P.J., Philip M. Hess, J., and James M. Dowd, J.

## Introduction

This administrative matter was brought by the Director of the Family Support Division

("the Division")[1] under section 454.1005[2] to suspend appellant Charles S. Covert's driver's

license based on its assertion that Covert was in arrears on his child and spousal support

obligations. Covert challenged the action and a hearing took place before an administrative

hearing officer. In an April 2020 decision, the hearing officer ruled in Covert's favor that his

license was not subject to suspension because the Division failed to prove he was in arrears

above the minimum thresholds set forth in section 454.1005. Five months later, the Division

---

[1] The Family Support Division is part of the Missouri Department of Social Services.
[2] All statutory references are to the Revised Statutes of Missouri (2016) unless otherwise stated.

requested that the hearing officer vacate the April decision. The Division claimed that the hearing officer's failure to consider certain evidence the Division had submitted, which it claimed proved Covert's arrearage met the threshold, resulted in the decision being issued "without affording the parties due process" as that concept is used in section 454.475.7(3). The hearing officer agreed and on February 18, 2021, vacated the April 2020 decision and issued a new decision on September 13, 2021, this time finding that Covert's child support arrearage was sufficient to warrant the suspension of his driver's license under section 454.1005.

Covert has challenged both the order to vacate and the new decision suspending his license, but it is only his petition for judicial review challenging the February 2021 order to vacate the original April 2020 decision that is at issue in this appeal.[3] The Division moved to dismiss his petition alleging the trial court lacked the authority under section 536.100 to review the order to vacate because it was not a final decision in a contested case. The court agreed and dismissed without prejudice Covert's petition for judicial review of the February 2021 order to vacate.

While Covert brings four points on appeal, his fourth point is dispositive.[4] That point raises the questions before us of (1) whether the February 2021 order vacating the April 2020 decision was void, (2) whether the court had the authority to review the order to vacate, and (3)

_____

[3] His challenge to the September 2021 decision suspending his license is the subject of separate litigation.
[4] Covert also claims that: (1) the hearing officer erred in vacating the April 2020 decision because the Division's letter asking for that relief was not a "written motion" as required by section 454.475.7(3); (2) the hearing officer lacked the authority to vacate the decision because that decision became final on June 19, 2020 when it was filed with the circuit court pursuant to section 454.490; and (3) the hearing officer erred when she determined that the April 2020 decision was issued without due process pursuant to section 454.475.7(3).

2

whether the court erred in failing to do so when otherwise judicial review of the void order to vacate would be foreclosed.

We agree with Covert because the hearing officer's order to vacate the April 2020 decision was void *ab initio* in that the hearing officer (a) had no statutory authority under section 454.1005 to do so because the statutory provision the hearing officer relied on, section 454.475.7(3), is inapplicable to section 454.1005 license suspension proceedings, and (b) the April 2020 decision was final well before the Division filed its motion to vacate.

Therefore, we reverse and remand with instructions to the circuit court to enter an order denying the Division's motion to dismiss and setting aside the hearing officer's February 18, 2021 order to vacate as void *ab initio*.

## Background

Ever since a California state court in 1989 ordered Covert to pay child and spousal support, Covert has had several encounters with the Division regarding his child and spousal support obligations. The current dispute arose in June 2019, when the Division sent Covert a "Notice of Intent to Suspend License(s)" alleging he was behind on those payments. Covert timely requested a hearing which was held on November 1, 2019. The hearing officer heard testimony and evidence from both parties to determine whether Covert's license should be suspended because he had arrearages in excess of section 454.1005's threshold of at least three months of payments or $2,500, whichever is less. The testimony offered by the Division included specific references from a 2015 order issued by the Superior Court of Riverside County, California, which had purportedly recalculated Covert's arrearages including interest at $39,966.20 in child support and $250,868.34 in spousal support. The Division did not have a hard copy of the Riverside County order to give to the hearing officer, however. The hearing

3

officer left the record open to allow the parties to submit additional materials which included a copy of that order which the Division submitted in mid-December 2019.

On April 29, 2020, the hearing officer issued the decision finding that the Division did not have the authority to suspend Covert's driver's license because it had not established that Covert's arrearages exceeded section 454.1005's threshold. The decision stated that Covert's obligation to pay for child support had ended in April 2006 when his son was emancipated, and he actually had a credit on his account. The decision incorrectly stated that the Division had failed to submit the copy of the Riverside County order.

The April 2020 decision included a "Rights to Judicial Review" notice that stated: "The law provides that any party who is adversely affected by this Decision has the right to file a petition for judicial review in the appropriate court within thirty days of the date of mailing the Decision." The Division failed to do so.

Five months later, on September 28, 2020, the Division moved pursuant to section 454.475.7(3) to vacate the April 2020 decision in light of the statement in the Decision that the Division had not submitted a copy of the Riverside County order, when in fact the Division had submitted that order. The Division claimed that the Riverside County order showed that Covert still owed arrearages above the minimum threshold to warrant suspension of his license, which warranted setting aside the April 2020 decision based on section 454.475.7(3)'s language that it was issued "without affording the parties due process." On February 18, 2021, a hearing officer agreed and vacated the April 2020 decision and ordered a new decision to be issued.[5]

---

[5] The new decision was issued on September 13, 2021, which found that Covert owed arrearages greater than three months of support or $2,500, and his driver's license should be suspended. Again, that decision is the subject of separate litigation.

4

The order to vacate also contained the "Rights to Judicial Review" notice which alerted Covert of his "right to file a petition for judicial review in the appropriate court within thirty days." Covert timely filed his petition for judicial review in the Circuit Court of Lincoln County. The Division moved to dismiss the petition, alleging that the court lacked the authority to review the order because it was not final judgment and because it was not an order in a contested case. After hearing the motion to dismiss on August 6, 2021, the court dismissed the petition without prejudice. This appeal follows.

## Standard of Review

"Our standard of review when considering a trial court's grant of a motion to dismiss is *de novo*." *Smith v. City of St. Louis*, 573 S.W.3d 705, 713 (Mo. App. E.D. 2019). "In determining the appropriateness of the trial court's dismissal of a petition, an appellate court reviews the grounds raised in the defendant's motion to dismiss." *Ferrill v. Yeung*, 577 S.W.3d 818, 820 (Mo. App. E.D. 2019). We accept the plaintiff's allegations as true and view them in the light most favorable to the plaintiff. *Smith*, 573 S.W.3d at 713. Moreover, when the circuit court does not address specified reasons for dismissing a petition, this Court presumes the circuit court's judgment is based on one of the reasons stated in the motion to dismiss. *Avery Contracting, LLC v. Niehaus*, 492 S.W.3d 159, 162 (Mo.banc 2016). If the motion to dismiss cannot be supported by any grounds alleged in the motion, this Court will reverse the trial court decision. *McDonald v. Chamber of Commerce of Independence*, 581 S.W.3d 110, 114 (Mo. App. W.D. 2019). However, we review questions of law and questions of statutory interpretation *de novo*. *Forbes v. Allison*, 646 S.W.3d 733, 738 (Mo. App. S.D. 2022). *Dickemann v. Costco Wholesale Corporation*, 550 S.W.3d 65, 68 (Mo.banc 2018).

## Discussion

## I.

Inasmuch as the judgment appealed from in this case is a dismissal without prejudice, we must first address *sua sponte* whether we have jurisdiction to hear this appeal. *Ford Motor Credit Co. v. Updegraff*, 218 S.W.3d 617, 620 (Mo. App. W.D. 2007). In general, a dismissal without prejudice is not a final, appealable judgment. *Adem v. Des Peres Hospital, Inc.*, 515 S.W.3d 810, 814 (Mo. App. E.D. 2017). When a case is dismissed without prejudice, a plaintiff can typically "cure the dismissal by filing another suit in the same court . . . ." *Ampleman v. Schweiss*, 969 S.W.2d 862, 863 (Mo. App. E.D. 1998) (quoting *Vernor v. Missouri Bd. Of Probation and Parole*, 934 S.W.2d 13, 14 (Mo. App. W.D. 1996)). However, a dismissal without prejudice may be appealable if it has the "practical effect of terminating the litigation in the form in which it is cast." *Fitzpatrick v. Hannibal Regional Hosp.*, 922 S.W.2d 840, 842 (Mo. App. E.D. 1996).

These principles apply in administrative cases. *City of Richmond v. Suddarth*, 120 S.W.3d 212, 214–15 (Mo. App. W.D. 2003) (dismissal without prejudice is not normally a final judgment, but it is when as here a new petition for review would be "otherwise barred" by 536.110's requirement that a petition be filed within thirty days after final decision). A timely initial petition for review that is dismissed "without prejudice" did not cure the untimeliness of a second petition refiled more than a year after issuance of the agency decision. *Rackley v. Firemen's Retirement Sys.*, 848 S.W.2d 26, 29 (Mo. App. E.D. 1993).

Guided by these principles, we find that the dismissal without prejudice entered here is a final, appealable judgment and we therefore have jurisdiction. Refiling is not an option for Covert. As a result, the only opportunity Covert has to obtain judicial review of the order to

vacate is through the petition for review he filed in this case. We are not persuaded that the judicial review he has sought regarding the subsequent September 2021 decision, in which the hearing officer suspended his license under section 454.1005, will include any meaningful review of the February 2021 order to vacate. Rather, the scope of that judicial review will be limited to the September 2021 decision. Section 536.140.5. Therefore, this dismissal without prejudice is appealable because it had the practical effect of terminating the litigation insofar as it pertained to whether the February 2021 order to vacate was statutorily authorized.

## II.

We now turn to Covert's dispositive fourth point in which he claims the circuit court erred when it declined to address the merits of the February 2021 order to vacate. We agree with Covert because we find that the order to vacate was void *ab initio* since the hearing officer did not have the statutory authority under section 454.1005 to vacate the April 2020 decision and his reliance on section 454.475.7(3) was misplaced. As a result, the circuit court should have addressed its merits and declared it void.

"When construing statutes, this Court ascertains the intent of the legislature from the language and gives effect to that intent." *Wyatt v. Taney County, MO*, 347 S.W.3d 616, 620 (Mo. App. S.D. 2011) (quoting *State, Missouri Dept. of Social Services, Div. of Aging v. Brookside Nursing Center, Inc.*, 50 S.W.3d 273, 276 (Mo.banc 2001)). This Court "must also give the statute's language 'its plain and ordinary meaning' and read the provisions not 'in isolation but construed together and read in harmony with the entire act.'" *Id.*

*1.      Sections 454.1003 and 454.1005 - License suspension actions.*

The Division brought this action under sections 454.1003 and 454.1005. These sections set forth the procedures governing actions like this one in which the Division seeks to enforce

past-due child support obligations by suspending the obligor's driver's license. *Schroeder v. Director of Revenue*, 295 S.W.3d 890, 893 (Mo. App. S.D. 2009). Section 454.1003.3 authorizes the Division to issue to the obligor a notice of intent to suspend his license when the obligor has an arrearage of at least three months in support payments or $2,500, whichever is less. *Laughlin v. Abney*, 254 S.W.3d 255, 257 (Mo. App. S.D. 2008). The obligor may request a hearing on the matter, which Covert did here. Section 454.1003.3.

The <u>only</u> issues to be determined at the hearing in such a license suspension case, as relevant to this case, are the identity of the obligor and whether the arrearage is at least three months of payments or $2,500. Section 454.1005.4. Hearings under these sections do not establish child support obligations, determine the actual amount of any arrearage, or sanction the collection of the arrearage. The decision issued "shall be a final agency decision and shall be subject to judicial review pursuant to chapter 536." Section 454.1005.7.

2.      *Sections 454.470 and 454.475 - Proceedings to establish, modify, and enforce child support obligations.*

By contrast, section 454.470 and section 454.475, the latter being the section the hearing officer relied on to vacate the April 2020 decision, provide the substantive principles and procedural rules by which the Division may seek to establish, modify, or enforce child support obligations. "After [a] full and fair hearing, the hearing officer shall make specific findings regarding the liability and responsibility, if any, of the alleged responsible parent for the support of the dependent child, and for repayment of accrued state debt or arrearages, and the costs of collection, and shall enter an order consistent therewith." Section 454.475.3. Section 454.475 allows a parent adversely affected by the agency's child support decision to obtain judicial review pursuant to sections 536.100 to 536.140.

8

After a decision is issued by a hearing officer in a section 454.475 matter, the hearing officer may correct the decision with respect to clerical errors or any errors arising from "mistake, surprise, fraud, misrepresentation, excusable neglect or inadvertence." Sections 454.475.7(1) and (2). Moreover, a decision or order in a section 454.475 matters may be vacated at any time if the decision or order was issued without personal jurisdiction, subject matter jurisdiction, or without affording the parties due process. Section 454.475.7(3). This is the specific subpart of section 454.475 which the hearing officer erroneously relied upon to vacate the April 2020 decision.

3.    *The critical distinction between actions brought under section 454.1003 and those brought under section 454.475.*

The critical distinction therefore between license suspension actions brought under section 454.1003, like this one, and child support enforcement actions brought under section 454.475, is that only in section 454.475 actions may a hearing officer vacate a decision on the basis of a clerical or other mistake or even a due process consideration. Section 454.475.7(3). Section 454.1005 has no comparable provision. Instead, the legislature declared that a decision issued "after a hearing pursuant to this section [454.1005], shall be a final agency decision and shall be subject to judicial review pursuant to chapter 536." We cannot ignore the unequivocal language of the legislature.

4.    *The February 2021 order to vacate is void ab initio.*

"A cardinal principle of all administrative law cases is that an administrative tribunal is a creature of statute and exercises only that authority invested by legislative enactment." *Farmer v. Barlow Truck Lines, Inc.*, 979 S.W.2d 169, 170 (Mo.banc 1998). "Where no statute vests specific authority to reopen a decision, [an] administrative agency is without jurisdiction to

9

undertake such an exercise." *State ex rel. Ryan v. Ryan*, 124 S.W.3d 512, 516 (Mo. App. S.D. 2004). "[A]cts taken by an administrative agency that exceed authority . . . are void *ab initio*." *Id.* Moreover, "[t]he authority of an administrative tribunal to set aside a final decision must clearly appear from the statute." *Id. See also, Petet v. State Dept. of Social Servs.*, 32 S.W.3d 818 (Mo. App. W.D. 2000) (agency order reopening its final agency decision was reversed because agency had no statutory authority to do so).

In light of the foregoing authorities, we hold that the February 2021 order to vacate is void because the hearing officer had no authority under section 454.1005 to enter it. Moreover, the hearing officer's reliance on section 454.475.7(3) was misplaced. Just as we cannot add words to a statute, *Macon County Emergency Services Board v. Macon County Commission*, 485 S.W.3d 353, 355 (Mo.banc 2016), we cannot incorporate a provision from another section unless the legislature makes that intent clear and here it did not.[6]

Section 454.1005's only remedy for a party adversely affected by a decision is to file a timely petition for judicial review pursuant to chapter 536 and Missouri courts have consistently held that the failure to seek judicial review of a contested administrative case within thirty days as required by section 536.110 forecloses review. *Byrd v. Board of Curators of Lincoln Missouri*, 863 S.W.2d 873, 875–76 (Mo.banc 1993). Therefore, the April 2020 decision was final because the Division failed to seek timely judicial review.

Finally, as to the Division's argument that the circuit court had no authority to review Covert's petition, we disagree. We conclude for several reasons that the circuit court had the authority to review Covert's petition for review. First, the Division itself treated the February

---

[6] The only reference to section 454.475 in section 454.1005 is that the hearing officer shall be appointed in the manner set forth in section 454.475.1. Section 454.1005.7.

10

2021 order to vacate as a final order in a contested case when it notified Covert of his right to file a petition for judicial review within thirty days. The thirty-day time limitation on such petitions only applies to contested cases. *Wooldridge v. Greene County*, 198 S.W.3d 676, 683 (Mo. App. S.D. 2006). Moreover, section 536.100 allows a party to challenge "any void order of an agency at any time or in any manner that would be proper in the absence of this section." Finally, section 536.140.2(2) allows a court on a petition for review to extend its inquiry and determine "whether the action of the agency . . . [was] in excess of [its] statutory authority . . . ."

## Conclusion

We reverse and remand with instructions to the circuit court to enter an order denying the Division's motion to dismiss and setting aside the hearing officer's February 18, 2021 order to vacate as void *ab initio*.

_____
James M. Dowd, Judge

Kelly C. Broniec, P.J., and
Philip M. Hess, J., concur.

11